## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

OGP ENERGY LIMITED PARTNERSHIP )
#1, )
                         )
           **Plaintiff,** )
                         )
**v.** )        **CIV-14-842-R**
                         )
QEP ENERGY COMPANY, f/k/a )
QUESTAR EXPLORATION and )
PRODUCTION COMPANY, a Texas )
Corporation, )
                         )
          **Defendants.** )

## <u>ORDER</u>

This matter comes before the Court on the Motion to Dismiss, filed by Defendant QEP

Energy Company, addressing Plaintiff OGP Energy Limited Partnership's ("OGP") claim for

tortious breach of contract. (Doc. NO. 5). Plaintiff has responded in opposition to the

motion, and Defendant has filed a reply in support thereof. Having considered the parties'

submissions, the Court finds as follows.

Plaintiff filed this action in the District Court of Caddo County, asserting that it had

been a co-tenant of Defendant with regard to certain leases covering 160 net mineral acres

in the NW/4 of Section 28, Township 11 North, Range 13 West, in Caddo County,

Oklahoma.[1] Subsequent to Defendant's transfer of its interest to Chesapeake Exploration

---

[1] OGP apparently obtained the rights to a 1/8 interest, which was retained by Robert Garbrecht when
he assigned a 7/8th interest to Texas Pacific Oil Company, Inc., in 1977, subject to the purchaser first
recovering the purchase price and its proportionate share of drilling, completion and operating costs of any
unit well. Mr. Garbrecht assigned his 1/8 interest to OGP in 1994. OGP alleges that QEP Energy Company
acquired its interest from Texas Pacific before transferring it on November 1, 2000, to Chesapeake
(continued...)

Limited Partnership, in 2000, Plaintiff, following inquiry to Chesapeake, began receiving production revenues attributable to its interest in the leases at issue herein. Plaintiff contends QEP Energy Company, during its tenure as co-tenant, failed to advise OGP of payout or to notify and pay Plaintiff for production attributable to its interests once payout occurred, keeping proceeds to which OGP was entitled for itself. In the Amended Petition Plaintiff seeks an accounting and urges claims of constructive fraud/deceit, negligence/gross negligence, breach of trust- fiduciary duty, breach of contract, and tortious breach of contract. Defendant seeks dismissal of Plaintiff's claim of tortious breach of contract, arguing the absence of any special relationship between OGP or Garbrecht and QEP Energy Company so as to support such a cause of action.

Defendant concedes that every contract in Oklahoma recognizes the implied duty of good faith and fair dealing. *See First Nat'l Bank & Trust Co. of Vinita v. Kissee*, 1993 OK 96, ¶ 24, 859 P.2d 502, 509. It argues, however, that the concept of a tortious breach of contract has not been extended to circumstances like those alleged by Plaintiff. Rather, the tort arising from the breach of contract is limited to special relationships marked by disparty in bargainig power, such as insurer-insured or bank-depositor, where the bank intentionally dishonors a check.

Because it appears to the undersigned that Plaintiff is relying solely on the status of co-tenants as a basis for extra-contractual tort liability stemming from the alleged breach of

---

[1](...continued)
Exploration Limited Partnership.

a contract, the Court concurs with Defendant that dismissal of the tortious breach is appropriate.

> Under Oklahoma law, "[e]very contract ... contains an implied duty of good faith and fair dealing." *Wathor v. Mutual Assurance Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla.2004). In cases involving "ordinary commercial contracts, a breach of that duty merely results in damages for breach of contract, not independent tort liability." *Id.* In the "proper case," however, "punitive ...damages may be sought." *Conover v. Aetna U.S. Health Care, Inc.*, 320 F.3d 1076, 1079 (10th Cir.2003) (emphasis added). The "proper case" requires that a "special relationship" exist between the parties. *See Wathor*, 87 P.3d at 561-62. Oklahoma courts have found such a "special relationship" in only very limited circumstances, most notably between an insurer and insured. *Id.* at 561; see also, *Allison v. UNUM Life Ins. Co.*, 381 F.3d 1015, 1027 (10th Cir.2004) ("there is no dispute that the Oklahoma [badfaith] law is directed toward the insurance industry"). The "special relationship" in insurance contracts stems from the "quasi-public nature of insurance, the unequal bargaining power between the insurer and insured, and the potential for an insurer to unscrupulously exert that power at a time when the insured is particularly vulnerable." *Wathor*, 87 P.3d at 561-62; *see also Christian v. American Home Assurance Co.*, 577 P.2d 899, 902 (Okla.1977) (noting the special relationship in insurance contracts exists because the insured is not entering the contract to obtain commercial advantage but to protect from risk of accidental losses).

*Combs v. Shelter Mutual Ins. Co.*, 551 F.3d 991, 998-99 (10th Cir. 2008). Having been unwilling to extend a claim for tortious breach of contract to the relationship between an operator and a royalty owner, the Court is unwilling to extend such a claim to the relationship between cotenants as pled in the instant action. *See Chieftain Royalty Co. v. Dominion Oklahoma Texas Exploration & Production, Inc.*, Case No. CIV-11-344-R, p. 5-7 (W.D.Okla. July 14, 2011); *McKnight v. Linn Operating*, No. CIV-10-30-R, p. 10 (W.D.Okla. April 1, 2010). The Oklahoma Supreme Court described the relationship required to give rise to tort liability as:

> marked by (1) disparity in bargaining power where the weaker party has no choice of terms, also called an adhesion contract, and (2) the elimination of risk. *Rodgers v. Tecumseh Bank*, 1988 OK 36, ¶¶ 14–16, 756 P.2d 1223, 1226. Tort liability is allowed in these types of contracts, because bad faith, or, more properly, breach of the implied duty to deal fairly and in good faith, precipitates the precise economic hardship the contract was intended to avoid. *Christian v. American Home Assurance Co.*, 1977 OK 141, 577 P.2d 899.

*Embry v. Innovative Aftermarket Systems, L.P.*, 247 P.3d 1158, 1160 (Okla. 2010)(citations omitted). Plaintiff has not convinced the Court that its relationship with Defendant falls into this narrow category or that the Court should extend a tortious breach of contract claim to the relationship described in the Amended Petition. Accordingly, Defendant's motion to dismiss is hereby GRANTED, and Plaintiff's tortious breach of contract claim is hereby DISMISSED.

IT IS SO ORDERED this 16th day of September, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE