# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OGP ENERGY LIMITED PARTNERSHIP #1, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV-14-842-R |
| QEP ENERGY COMPANY, f/k/a QUESTAR EXPLORATION and PRODUCTION COMPANY, a Texas Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This action was originally filed in the District Court of Caddo County, and arrived before the Court on August 8, 2014, pursuant to Defendant's Notice of Removal. Defendant premises removal on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. In its Notice of Removal Defendant alleged diversity existed "since Plaintiff is a citizen of the State of Oklahoma and Defendant is a citizen of the State of Colorado and not of the State of Oklahoma." Notice of Removal, p. 2. Thereafter, on November 15, 2014, the Court ordered Plaintiff, a limited partnership, to comply with Local Rule 7.1.1, which requires that a partnership file a disclosure statement identifying its partners, which "shall also affirmatively state whether any of the members or partners are citizens of the adversary's alleged state of citizenship." Plaintiff complied with the Court's order by filing a disclosure statement indicating that its partners are citizens of Oklahoma and Texas, and further suggested that the Court lacked jurisdiction, because Defendant is considered a citizen of

Texas, its state of incorporation, as well as Colorado. *See* 28 U.S.C. § 1332(c)(1). By Order dated September 18, 2014, the Court ordered Defendant to respond to Plaintiff's suggestion that the Court lacks jurisdiction. On September 23, 2014, Defendant responded, conceding therein that it is a citizen of both Texas and Colorado, and that if partners of OGP Energy Limited Partnership #1 are indeed citizens of Texas, that the Court would lack jurisdiction over this matter. Defendant, however, would not confess the issue, as it is seeking to confirm or dispute the citizenship of the Plaintiff's partners. The Court, however, has an obligation to ensure that it has jurisdiction over its cases, and finds that this matter should be remanded, as Defendant failed to affirmatively establish that diversity exists. 28 U.S.C. § 1447(c). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The right to remove is contingent upon the existence of original jurisdiction in edreal court. See 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Defendant, as the party seeking to invoke the Court's diversity jurisdiction, bore the burden of establishing its existence. *Id*. (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, Defendant's failure to identify the citizenship of the partners of OGP Energy Limited Partnership #1 or to fully identify its own citizenship in its notice of removal was a fatal flaw, because the Court was given insufficient information to permit it to determine the existence of jurisdiction. It was Defendant's burden to conduct its investigation into this matter prior to attempting to removal, and because

2

Defendant failed to provide the Court with the requisite information regarding the citizenship of the parties it has failed to carry its burden and this matter is hereby REMANDED To the District Court of Caddo county. The Court's prior order granting Defendant's motion to dismiss, Document No. 14 is hereby VACATED, as the Court cannot dismiss claims in a case in which it lacks jurisdiction.

    IT IS SO ORDERED this 29th day of September, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE